NO.
12-10-00258-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

SHARON
GALLOWAY,                                    §                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

PER CURIAM

Sharon
Galloway appeals her conviction for aggravated assault with a deadly weapon. 
Appellant=s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant
was charged by indictment with the offense of aggravated assault with a deadly
weapon, a knife, which is a second degree felony.[1]  The indictment also alleged
that Appellant used or exhibited a deadly weapon during the commission of or
immediate flight from the offense.  Appellant pleaded guilty to the offense
charged in the indictment. Appellant and her counsel signed an agreed
punishment recommendation, an acknowledgment of admonishments, a waiver of jury
trial, an agreement to stipulate testimony, a waiver of motion for new trial
and motion in arrest of judgment, a waiver of right to appeal, and a
stipulation of evidence in which Appellant swore that all allegations pleaded
in the indictment were true and correct.  She also judicially confessed to the
offense alleged in the indictment.  The trial court accepted Appellant=s plea, found that the evidence substantiated
Appellant’s guilt, deferred further proceedings without entering an
adjudication of guilt, and ordered that Appellant be placed on deferred adjudication
community supervision for four years.[2]  The trial court also ordered
that Appellant pay court costs.

The
State filed an application to proceed to final adjudication, alleging that
Appellant had violated the terms of her community supervision.  Appellant and
her attorney signed a written plea admonishment and stipulation of evidence,
admitting as “true” five paragraphs of the allegations in the State’s
application.  At the hearing on the application, the State abandoned two
paragraphs of the allegations in its application, and Appellant pleaded Atrue@ to three paragraphs of the
allegations contained in the State=s application.  After a hearing,
the trial court found it true that Appellant violated the conditions of her
community supervision, granted the State’s application, and adjudged Appellant
guilty as charged as alleged in the indictment.  The trial court assessed
Appellant=s punishment at four years of
imprisonment and court costs.[3]  This appeal followed.

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
and Gainous, stating that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  From
our review of Appellant=s brief, it is apparent that her
counsel is well acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel=s brief presents a chronological
summation of the procedural history of the case, and further states that
counsel is unable to raise any arguable issues for appeal.[4]
 We have reviewed
the record for reversible error and have found none.  See Bledsoe v.
State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

Conclusion

            As
required, Appellant=s counsel has moved for leave to
withdraw.  See In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim.
App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).  We agree with Appellant=s counsel that the appeal is wholly frivolous and
his motion for leave to withdraw is hereby granted.  See In
re Schulman, 252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise her of her right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, she must either retain an attorney to
file a petition for discretionary review or she must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22.  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

We
dismiss Appellant=s appeal.

Opinion delivered April 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
See Tex. Penal Code Ann. §
22.02(a)(2), (b) (Vernon Supp. 2010).

 





[2] See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2010).






[3] An individual
adjudged guilty of a second degree felony shall be punished by imprisonment for
any term of not more than twenty years or less than two years and, in addition,
a fine not to exceed $10,000.  Tex.
Penal Code Ann. §  12.33 (Vernon Supp. 2010).





[4] Counsel for
Appellant certified that he provided Appellant with a copy of her brief and
informed Appellant that she had the right to file her own brief. Appellant was
given time to file her own brief, but the time for filing such a brief has
expired and we have received no pro se brief.